IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WOLFSPEED, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>NAVITAS SEMICONDUCTOR<br>CORPORATION and<br>GENESIC SEMICONDUCTOR LLC,<br><br>    Defendants. | Case No. 1:24-cv-01038 |

### ANSWER

NOW COME Defendants Navitas Semiconductor Corporation and GeneSiC Semiconductor, LLC (collectively, "Defendants" or "Navitas"), through the undersigned counsel, and hereby answer the correspondingly numbered paragraphs of the Complaint filed by Plaintiff Wolfspeed, Inc. ("Plaintiff" or "Wolfspeed"). Any allegations of the Complaint not specifically admitted are denied.

### PARTIES, JURISDICTION, AND VENUE

1. Admitted upon information and belief.

2. Admitted.

3. Admitted.

4. The allegations in this paragraph of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

5. The allegations in this paragraph of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

6. The allegations in this paragraph of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

7. The allegations in this paragraph of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

8. The allegations in this paragraph of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

## BACKGROUND FACTS

9. Denied. The Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties.

10. Denied.

11. Admitted.

12. Denied.

13. Denied.

14. Admitted that on August 4, 2023, GeneSiC issued the purchase order

attached to the Complaint as Exhibit 2, which is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied.

15. Admitted that the August 4, 2023 email exchange attached to the Complaint as Exhibit 3 is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied. The Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties.

16. Admitted that the Terms and Conditions attached to the Complaint as Exhibit 4 is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied. The Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties.

17. Denied. The Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties.

18. Admitted that Wolfspeed agreed to push-out the delivery dates of certain wafers from Q4CY23 to Q1CY24. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied.

19. Denied.

20. Admitted that Navitas accepted and paid for 3,025 wafers in Q4CY23. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied.

21. Denied for lack of knowledge or information as to Wolfspeed's expectations and denied that Navitas was committed to purchase any additional wafers from Wolfspeed by March 2024. The Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties.

22. Admitted that in Q1CY24, Wolfspeed delivered 625 wafers to Navitas, which Navitas was not obligated to purchase and which Navitas returned to Wolfspeed. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied.

23. Admitted that on February 8, 2024, and consistent with course of performance, course of dealing, and usage of trade, Navitas instructed Wolfspeed to halt all further shipments of wafers due to current business conditions and informed Wolfspeed that the purchase order would likely be cancelled for the remainder of the wafers. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied.

24. Admitted that Navitas halting all further shipments of wafers was consistent with course of performance, course of dealing, and usage of trade and that the Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied.

25. Admitted that Wolfspeed disregarded Navitas' instruction to halt all further shipments of wafers. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied for lack of knowledge or information.

26. Admitted that on February 19, 2024, and consistent with course of performance, course of dealing, and usage of trade, Navitas asked Wolfspeed for pricing relief for the remainder of the wafers. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied.

27. Admitted that Wolfspeed did not respond to Navitas' request for pricing relief. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied for lack of knowledge or information.

28. Admitted that Wolfspeed shipped 1,975 wafers to Navitas in Q1CY25, which Navitas returned to Wolfspeed because it was not obligated to purchase them. The Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied.

29. Admitted that Navitas returned to Wolfspeed 1,975 wafers, which it was not obligated to purchase. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied.

30. Admitted that Navitas did not pay Wolfspeed for 1,975 wafers, which Navitas was not obligated to purchase and which Navitas returned to Wolfspeed. Except

as expressly admitted, the allegations in this paragraph of the Complaint are denied.

31. Denied. The Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties.

32. Admitted that Navitas and Wolfspeed engaged in multiple communications in an attempt to resolve the dispute between the parties over the 1,975 wafers, which Navitas was not obligated to purchase and which Navitas returned to Wolfspeed. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied.

33. Admitted that over multiple communications with Wolfspeed, Navitas repeatedly informed Wolfspeed that it was not obligated to purchase the 1,975 wafers, which were returned to Wolfspeed, and that the Offer and Agreement for Sale of Products dated August 4, 2023 does not constitute a contractual agreement between the parties. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied.

34. Admitted that Navitas repeatedly informed Wolfspeed that it was not obligated to purchase the 1,975 wafers, which were returned to Wolfspeed, and that the Offer and Agreement for Sale of Products dated August 4, 2023 does not constitute a contractual agreement between the parties. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied.

35. Denied for lack of knowledge or information.

36. Admitted that on May 3, 2024, Wolfspeed sent correspondence to Navitas, attached as Exhibit 5 to the Complaint, which correspondence is a document that is the best

- 6 -

Case 1:24-cv-01038-UA-JEP   Document 9   Filed 05/23/25   Page 6 of 12

evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied.

37. Admitted that Wolfspeed's May 3, 2024 correspondence to Navitas attached as Exhibit 5 to the Complaint is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied.

38. Denied for lack of knowledge or information.

39. Denied for lack of knowledge or information.

40. Admitted that Wolfspeed's May 3, 2024 correspondence to Navitas attached as Exhibit 5 to the Complaint is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied.

41. Admitted that Navitas' May 17, 2024 correspondence to Wolfspeed attached as Exhibit 6 to the Complaint is a settlement communication, the terms of which speak for themselves, that is inadmissible under Rule 408 of the Federal Rules of Evidence and should be stricken from the Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied.

42. Denied. The Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties.

43. Admitted that Navitas' actions were consistent with course of performance, course of dealing, and usage of trade. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied. The Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties.

44. Denied. The Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties.

45. Denied for lack of knowledge or information.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

46. Defendants reallege and incorporate by reference their responses to the allegations of the foregoing paragraphs of the Complaint.

47. Admitted that this dispute concerns the sale of goods and that Article 2 of the Uniform Commercial Code applies to transactions in goods. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied.

48. The allegations in this paragraph of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

49. The allegations in this paragraph of the Complaint state a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

50. Admitted that Wolfspeed fully performed its obligations as to the 3,025 wafers that Navitas accepted and paid for. In regard to the 1,975 wafers, which Navitas was not obligated to purchase and which Navitas returned to Wolfspeed, denied for lack of knowledge or information.

51. Admitted that the 3,025 wafers that Navitas accepted and paid for conformed to Navitas' specifications. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied. The Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties.

52. Admitted that Navitas did not purchase 1,975 wafers, which Navitas was not obligated to purchase and which Navitas returned to Wolfspeed. The Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties. Except as expressly admitted, the allegations in this paragraph of the Complaint are denied.

53. Denied for lack of knowledge or information.

54. Denied for lack of knowledge or information.

55. Denied for lack of knowledge or information.

56. Denied for lack of knowledge or information.

57. Denied.

58. Denied.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the parties never formed an enforceable contract as to the 1,975 wafers at issue in this dispute, which Navitas was not obligated to purchase and which Navitas returned to Wolfspeed. The Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties as to such wafers.

**SECOND AFFIRMATIVE DEFENSE**

In regard to the 1,975 wafers at issue in this dispute, which Navitas was not obligated to purchase and which Navitas returned to Wolfspeed, Defendants plead course of performance, course of dealing, and usage of trade in bar of Plaintiff's claims.

**THIRD AFFIRMATIVE DEFENSE**

At all times relevant hereto, Defendants acted in good faith and in a commercially reasonable manner.

**RESERVATION AND NON-WAIVER OF DEFENSES**

Defendants reserve and do not waive any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

WHEREFORE, Defendants, having fully responded to the Complaint, respectfully request that the Court grant the following relief:

1. That Plaintiff have and recover nothing from Defendants on its claims in the Complaint and that such claims be dismissed with prejudice.

2. That all issues of fact be tried by a jury.

3. That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff to the extent allowed by law.

4. For such other and further relief as the Court deems just and proper.

This the 23rd day of May, 2025.

/s/ Michael D. Phillips
Michael D. Phillips
N.C. State Bar No. 31730
mphillips@belldavispitt.com
Kevin G. Williams
N.C. State Bar No. 25760
kwilliams@belldavispitt.com

BELL, DAVIS & PITT, P.A.
P.O. Box 21029
Winston-Salem, NC 27120-1029
Telephone: (336) 722-3700
Facsimile: (336) 714-4101

*Attorneys for Defendants Navitas Semiconductor Corporation and GeneSiC Semiconductor LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed through the CM/ECF system and that such filing was sent electronically to those parties registered with the CM/ECF system.

This the 23rd day of May, 2025.

/s/ Michael D. Phillips