WOLFSPEED, INC.,

**Plaintiff,**

**vs.**

NAVITAS SEMICONDUCTOR
CORPORATION, GENESIC
SEMICONDUCTOR LLC, PAUL
WHEELER and SASCHA DERN

**Defendant.**

Case No.  1:24-cv-01038

## <u>MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT</u>

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Local Rule 15.1 of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina, Plaintiff Wolfspeed, Inc. ("Wolfspeed"), by and through counsel, hereby files this Motion for Leave to File a Second Amended Complaint (the "Motion") requesting leave to file the proposed Second Amended Complaint attached hereto as **<u>Exhibit A</u>**. Specifically, Wolfspeed seeks leave to file a Second Amended Complaint to add allegations in support of its cause of action against Navitas for wrongful interference with Wolfspeed's contracts and to add a cause of action for injunctive relief related to Navitas's ongoing solicitation of Wolfspeed employees.

## PROCEDURAL HISTORY

Wolfspeed filed its initial complaint against Navitas on December 11, 2024. Pursuant to the Court's May 2, 2025 Order granting Navitas an extension of time to respond, Navitas filed its answer to the initial complaint on May 23, 2025.

1

As disclosed in the Parties' Joint Rule 26(f) Report [ECF No. 11], the Parties agreed to commence discovery after Wolfspeed emerged from bankruptcy under Chapter 11 of the United States Bankruptcy Code. On September 29, 2025, the United States Bankruptcy Court for the Southern District of Texas confirmed Wolfspeed's Joint Prepackaged Chapter 11 Plan of Reorganization. *See In re Wolfspeed, Inc., et. al.*, Case No. 25-90163, ECF No. 306, (S.D. Tex. Bankr. Sept. 29, 2025) (Notice of Entry of Confirmation Order).

The parties exchanged Initial Disclosures on October 15, 2025 and have engaged in written discovery. On October 20, 2025 Wolfspeed moved to amend the Complaint [ECF No. 15] to add Defendant Paul Wheeler, and to add causes of action against Mr. Wheeler for Breach of Contract and Breach of RSU Agreements' Terms and Conditions. Before the Court ruled on Wolfspeed's Motion to Amend, on November 7, 2025 Wolfspeed filed an Amended Motion to Amend the Complaint [ECF No. 17] to add Defendant Sascha Dern and to add causes of action against Mr. Dern for Breach of Contract and Breach of RSU Agreements' Terms and Conditions. On December 30, 2025, Magistrate Judge Peake granted Wolfspeed's Motions to Amend [ECF No. 19]. Defendants Navitas and Genesic filed their Answer to the Amended Complaint on January 20, 2026 [ECF No. 22] and Defendant Paul Wheeler filed his Answer on March 6, 2026 [ECF No. 27]. Defendant Sascha Dern has not yet made an appearance in this case.

On March 31, 2026, Wolfspeed file a Motion for Partial Judgment on the Pleadings against Defendant Navitas Semiconductor Corporation [ECF No. 28, 29] only on Navitas's liability under Wolfspeed's First Claim for Relief: Breach of Contract against Navitas. Navitas filed its Opposition on April 21, 2026 [ECF No. 31]. Wolfspeed's Reply is due May 5, 2026.

## LEGAL STANDARD

More than twenty-one (21) days after service of a responsive pleading, "a party may amend its pleading . . . [with] the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Accordingly, the Fourth Circuit Court of Appeals "interpret[s] Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id.* (finding the district court abused its discretion in denying plaintiff's motion to amend because there was no prejudice, bad faith, or futility; reversing and remanding with instructions to allow plaintiff to amend his complaint).

## ARGUMENT

"Because allowing Plaintiff leave to amend will not result in undue delay or prejudice to Defendant, and the proposed amendments are not futile or made in bad faith, leave to amend is appropriate in this case." *Hicks v. Transit Mgmt. of Asheville, Inc.*, Case No. 1:11CV94, 2011 WL 5335567, at *1 (W.D.N.C. Nov. 7, 2011) (granting leave to amend).

Wolfspeed seeks to file the Second Amended Complaint in good faith. The request for injunctive relief and additional allegations to support the cause of action asserted in the Second Amended Complaint relate to wrongdoing by Navitas that occurred, and that Wolfspeed discovered, only recently. There is no undue delay as this Motion is made as soon as practicable within days of Wolfspeed becoming aware of Navitas's misconduct. Regardless, "[d]elay alone [] is an insufficient reason to deny the plaintiff's motion to amend." *Laber*, 438 F.3d at 427.

3

The Second Amended Complaint is not prejudicial because Navitas's actions regarding the solicitation of additional Wolfspeed employees are similar in nature to its actions regarding the employment of Wheeler and Dern. Navitas is on notice that Wolfspeed enters into non-competition and non-solicitation agreements with its high-level employees and that Wolfspeed takes those obligations seriously. As Navitas has already prepared its defense to the solicitation of Wheeler and Dern, minimal additional work should be required by Navitas or its counsel to defend its actions now.

Finally, the Amended Complaint is not futile. It asserts additional allegations in support of a stated cause of action and requests different relief—here, injunctive relief. *See id*. at 428 (finding the amended complaint was not futile because "[a]lthough not artfully drafted, it d[id] allege a cause of action").

**CONCLUSION**

The Court should grant Wolfspeed's Motion for leave to file a Second Amended Complaint because Wolfspeed has not acted in bad faith, the proposed amendment would not prejudice Navitas, and the Second Amended Complaint is not futile.


This the 4th day of May, 2026.

                                        */s/ Rebecca K. Lindahl*

                                        Rebecca K. Lindahl (N.C. Bar No. 35378)
                                        **KATTEN MUCHIN ROSENMAN LLP**
                                        615 S. College Street, Suite 1700
                                        Charlotte, NC 28202-4123
                                        (704) 344-3141
                                        rebecca.lindahl@katten.com

                                        Asena Baran (*pro hac vice*)
                                        **KATTEN MUCHIN ROSENMAN LLP**
                                        2121 Avenue of the Stars, Suite 1100

Los Angeles, CA 90067-5010
(310) 788-4418
asena.baran@katten.com

*Attorneys for Plaintiff Wolfspeed, Inc.*

5