# EXHIBIT 9



**615 S. College Street**
**Suite 1700**
**Charlotte, NC  28202-3354**
**+1.704.444.2000 tel**
**katten.com**

**REBECCA K. LINDAHL**
rebecca.lindahl@katten.com
+1.704.344.3141 direct
+1.704.612.4703 fax

<u>via email only</u>

July 29, 2025

Mike Phillips
Bell, Davis & Pitt, LLC
mphillips@belldavispitt.com

**Re:** **Violations of Employee Agreement and Unfair Competition by Navitas Semiconductor Corporation/GeneSiC Semiconductor, LLC ("Navitas")**

Dear Mike,

I am writing to address two important, related matters involving Navitas that have recently come to Wolfspeed's attention.

First, as you may know, Navitas recently hired former Wolfspeed employee Paul Wheeler as its Vice President & General Manager of New Energy Business.  Mr. Wheeler formerly held the role of Vice President & General Manager of Power Modules at Wolfspeed.  When Wolfspeed hired Mr. Wheeler in November 2018, Mr. Wheeler executed and agreed to be bound by the term of a Employee Agreement Regarding Confidential Information, Intellectual Property, and Noncompetition (the "Employee Agreement").  A copy of Mr. Wheeler's Employee Agreement is enclosed.

Wolfspeed has recently learned that Mr. Wheeler's position at Navitas is identical (or nearly identical) to the position that he held at Navitas, and in that role, Mr. Wheeler—either alone or in concert with Navitas or others—is actively soliciting Wolfspeed's customers and employees.  His actions in accepting an identical (or nearly identical) role at Navitas as his role at Wolfspeed, and soliciting Wolfspeed's customers and employees are a direct breach of several provisions of the Employee Agreement, including but not limited to:

- Paragraph 1, which prohibits Mr. Wheeler from revealing any confidential information about Wolfspeed's customer lists, customer or prospective customer needs, contractual terms, marketing plans, or trade secrets; Paragraph 4(d)(i), which prohibits you from performing services for any Competing Business, which is defined in Paragraph 4(g), that are the same or similar to the services you performed for Wolfspeed;

- Paragraph 4(d)(iii), which prohibits Mr. Wheeler from requesting any of Wolfspeed's customers from curtailing or cancelling their business with Wolfspeed; and

KATTEN MUCHIN ROSENMAN LLP

CHARLOTTE     CHICAGO     DALLAS     LOS ANGELES     NEW YORK
ORANGE COUNTY     SHANGHAI     WASHINGTON, DC
A limited liability partnership including professional corporations
LONDON: KATTEN MUCHIN ROSENMAN UK LLP

# Katten

- ▪ Paragraph 4(d)(iv), which prohibits Mr. Wheeler from inducing or attempting to terminate their employment with Wolfspeed.

Next, Wolfspeed is also informed that Mr. Wheeler and others at Navitas have made material misstatements to Wolfspeed's customers about the quality of Wolfspeed's products and Wolfspeed's ability to fulfill orders. The prepacked Chapter 11 bankruptcy that Wolfspeed filed is not having any effect on Wolfspeed's ability to provide quality silicon carbide devices and modules for its customers, so those statements are false and defamatory, and entitle Wolfspeed to relief under state and federal law, including but not limited to actual and punitive damages for defamation, and violations of state and federal unfair-competition and trade-secret protection laws.

Wolfspeed is further informed, and Navitas confirmed on its earnings call, that Navitas is claiming to be the only company in the world with the capability of producing 6.5 kV silicon carbide (SiC) power semiconductor modules designed for high-voltage applications This is of course not true; regardless of whether Navitas has reached that achievement recently (which seems doubtful because Navitas does not have its own fab), Navitas is well aware that Wolfspeed—not Navitas— actually reached that achievement first. This false statement is materially misleading to Wolfspeed's customers and seems to be designed to allow Navitas to engage in unfair competition with Wolfspeed.

These are urgent matters of critical importance to Wolfspeed. Wolfspeed demands that Navitas immediately take steps that Mr. Wheeler is no longer employed in a position that requires him to perform any services for Navitas that are the same or similar to the services Mr. Wheeler performed at Wolfspeed. Wolfspeed further demands that Navitas immediately instruct Mr. Wheeler to cease and desist all efforts to compete with Wolfspeed in violation of his Employment Agreement and solicit Wolfspeed's customers and employees.

Wolfspeed has requested that Mr. Wheeler, by separate letter from Wolfspeed's business unit, to confirm within three days that he has done so, and provide Wolfspeed with (i) a written acknowledgement that he is no longer employed in a same or similar position at Navitas as your position at Wolfspeed, accompanied by a complete job description of any alternative position he have accepted with Navitas; and (ii) a list of each Wolfspeed customer or employee whom he approached to purchase from or work for Navitas. Wolfspeed reserves the right to request copies of such communications from Mr. Wheeler or Navitas, as appropriate. Wolfspeed likewise requests a confirmation from Navitas by August 1, 2025 that it is no longer employing Mr. Wheeler in a same or similar position at Navitas as his position at Wolfspeed; and has instructed Mr. Wheeler to immediately stop all efforts to breach his Employee Agreement. Wolfspeed further demands that Navitas submit to Wolfspeed for approval and then issue a public retraction of any

# Katten

false or misleading statements that Mr. Wheeler, or anyone else at Navitas, had made about Wolfspeed's product quality, production capabilities, or ability to deliver orders on time.

If I do not hear from you on these matters by Friday, August 1, Wolfspeed will have no choice but to take further action against Navitas and all others working in concert with Navitas, including Mr. Wheeler

Thank you for your prompt attention to this important matter; I look forward to hearing from you by the deadline set forth herein.

Sincerely,

Rebecca K. Lindahl

cc:     Melissa Garrett, General Counsel, Wolfspeed, Inc.