# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WOLFSPEED, INC.,

    Plaintiff,

v.

NAVITAS SEMICONDUCTOR
CORPORATION, GENESIC
SEMICONDUCTOR LLC, PAUL
WHEELER, and SASCHA DERN,

    Defendants.

Case No. 1:24-cv-01038

## ANSWER TO SECOND AMENDED COMPLAINT

NOW COME Defendants Navitas Semiconductor Corporation ("Navitas") and GeneSiC Semiconductor, LLC ("GeneSiC") (collectively, "Defendants"), through the undersigned counsel, and hereby answer the correspondingly numbered paragraphs of the Second Amended Complaint (Doc. 48) filed by Plaintiff Wolfspeed, Inc. ("Plaintiff" or "Wolfspeed"). Any allegations of the Second Amended Complaint not specifically admitted are denied.

## PARTIES, JURISDICTION, AND VENUE

1. Admitted upon information and belief.

2. Admitted.

3. Admitted.

- 1 -

4.     The allegations in this paragraph of the Second Amended Complaint are directed towards another party and therefore no response is required from these answering Defendants.  To the extent that a response is required from Defendants, admitted upon information and belief.

5.     The allegations in this paragraph of the Second Amended Complaint are directed towards another party and therefore no response is required from these answering Defendants.  To the extent that a response is required from Defendants, admitted upon information and belief that Sascha Dern is a citizen and resident of Starnberg, Bayern, Germany and otherwise denied for lack of knowledge or information.

6.     The allegations in this paragraph of the Second Amended Complaint state a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied for lack of knowledge or information.

7.     The allegations in this paragraph of the Second Amended Complaint state a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

8.     The allegations in this paragraph of the Second Amended Complaint state a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

9.     The allegations in this paragraph of the Second Amended Complaint state a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

10. The allegations in this paragraph of the Second Amended Complaint state a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied.

11. The allegations in this paragraph of the Second Amended Complaint are directed towards other parties and therefore no response is required from these answering Defendants. To the extent that a response is required from Defendants, the allegations in this paragraph of the Second Amended Complaint state a legal conclusion to which no response is required and are denied.

<u>BACKGROUND FACTS</u>

12. Admitted that Wolfspeed's Offer and Agreement for Sale of Products dated August 4, 2023 attached as Exhibit 1 to the Second Amended Complaint is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

13. Denied. Wolfspeed's Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties.

14. Denied.

15. Admitted.

16. Denied.

17. Denied.

- 3 -

18. Admitted that on August 4, 2023, GeneSiC issued the purchase order attached to the Second Amended Complaint as Exhibit 2, which is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

19. Admitted that the email string attached to the Second Amended Complaint as Exhibit 3 is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

20. Admitted that Wolfspeed's Terms and Conditions attached to the Second Amended Complaint as Exhibit 4 is a document that is the best evidence of its contents, the terms of which speak for themselves. Wolfspeed's Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

21. Admitted that Wolfspeed's Offer and Agreement for Sale of Products dated August 4, 2023, which was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties, is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

- 4 -

22. Admitted that Wolfspeed agreed to push-out the delivery dates of certain wafers from Q4CY23 to Q1CY24. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

23. Denied.

24. Admitted that GeneSiC accepted and paid Wolfspeed for 3,025 wafers in Q4CY23. Wolfspeed's Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

25. Denied for lack of knowledge or information as to Wolfspeed's expectations and denied that Defendants committed to purchase additional wafers from Wolfspeed by March 2024. Wolfspeed's Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties.

26. Admitted that in Q1CY24, Wolfspeed delivered 625 wafers to Defendants, which Defendants were not obligated to purchase and which Defendants returned to Wolfspeed. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

27. Admitted that on February 8, 2024, Defendants sent Wolfspeed an email regarding halting shipment of wafers, which is a document that is the best evidence of its

contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

28. Denied. Wolfspeed's Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties.

29. Admitted that Wolfspeed did not stop shipping wafers. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied for lack of knowledge or information.

30. Admitted that on February 19, 2024, Defendants sent Wolfspeed an email regarding pricing of the wafers, which is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

31. Admitted that Wolfspeed did not respond to Defendants' February 19, 2024 email regarding pricing of the wafers. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

32. Admitted that Wolfspeed shipped 1,975 wafers to Defendants in Q1CY25, which Defendants returned to Wolfspeed because they were not obligated to purchase them. Wolfspeed's Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

- 6 -

33.     Admitted that Defendants returned to Wolfspeed 1,975 wafers, which Defendants were not obligated to purchase.  Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

34.     Admitted that Defendants did not pay Wolfspeed for 1,975 wafers, which Defendants were not obligated to purchase and which Defendants returned to Wolfspeed.  Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

35.     Denied.  Wolfspeed's Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties.

36.     Admitted that Defendants and Wolfspeed engaged in multiple communications in an attempt to resolve the dispute between the parties over the 1,975 wafers, which Defendants were not obligated to purchase and which Defendants returned to Wolfspeed.  Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

37.     Admitted that over multiple communications with Wolfspeed, Defendants informed Wolfspeed that Defendants were not obligated to purchase the 1,975 wafers, which were returned to Wolfspeed, and that Wolfspeed's Offer and Agreement for Sale of Products dated August 4, 2023 does not constitute a contractual agreement between the parties.  Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

- 7 -

38. Admitted that Defendants repeatedly informed Wolfspeed that they were not obligated to purchase the 1,975 wafers, which were returned to Wolfspeed, and that Wolfspeed's Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

39. The allegations in this paragraph of the Second Amended Complaint state a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied for lack of knowledge or information.

40. Admitted that Wolfspeed's May 3, 2024 correspondence to Navitas attached as Exhibit 5 to the Second Amended Complaint is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint state a legal conclusion to which no response is required and are denied for lack of knowledge or information.

41. Admitted that Wolfspeed's May 3, 2024 correspondence to Navitas attached as Exhibit 5 to the Second Amended Complaint is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

42. The allegations in this paragraph of the Second Amended Complaint state a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied for lack of knowledge or information.

- 8 -

43.     The allegations in this paragraph of the Second Amended Complaint state a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied for lack of knowledge or information.

44.     Admitted that Wolfspeed's May 3, 2024 correspondence to Navitas attached as Exhibit 5 to the Second Amended Complaint is a document that is the best evidence of its contents, the terms of which speak for themselves.  Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

45.     Admitted that Navitas' May 17, 2024 correspondence to Wolfspeed attached as Exhibit 6 to the Second Amended Complaint is a settlement communication, the terms of which speak for themselves, that is inadmissible under Rule 408 of the Federal Rules of Evidence and should be stricken from the Second Amended Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

46.     Denied.  Wolfspeed's Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties.

47.     Denied.  Wolfspeed's Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties.

- 9 -

48. Denied. Wolfspeed's Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties.

49. Denied for lack of knowledge or information.

50. Denied for lack of knowledge or information.

51. Denied for lack of knowledge or information.

52. Admitted that Exhibit 7 to the Second Amended Complaint is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied for lack of knowledge or information.

53. Admitted that Exhibit 7 to the Second Amended Complaint is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied for lack of knowledge or information.

54. Admitted that Exhibit 7 to the Second Amended Complaint is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied for lack of knowledge or information.

55. Admitted that Exhibit 7 to the Second Amended Complaint is a document that is the best evidence of its contents, the terms of which speak for themselves. Except

as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied for lack of knowledge or information.

56. Denied for lack of knowledge or information.

57. Denied for lack of knowledge or information.

58. Admitted that Exhibit 8 to the Second Amended Complaint is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied for lack of knowledge or information.

59. Admitted that Paul Wheeler was hired in July 2025. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Admitted that Wolfspeed's July 29, 2025 correspondence to counsel for Defendants attached to the Second Amended Complaint as Exhibit 9 is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied for lack of knowledge or information.

65. Admitted that Wolfspeed's July 29, 2025 correspondence to Paul Wheeler attached to the Second Amended Complaint as Exhibit 10 is a document that is the best

evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied for lack of knowledge or information.

66. Admitted that Defendants did not respond to Wolfspeed's July 29, 2025 correspondence to counsel for Defendants attached to the Second Amended Complaint as Exhibit 9. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied for lack of knowledge or information.

67. Admitted that Wolfspeed's October 9, 2025 correspondence to counsel for Defendants attached to the Second Amended Complaint as Exhibit 11 is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

68. Admitted that Defendants did not respond to Wolfspeed's October 9, 2025 correspondence to counsel for Defendants attached to the Second Amended Complaint as Exhibit 11. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

69. Denied for lack of knowledge or information.

70. Denied for lack of knowledge or information.

71. Admitted that Exhibit 12 to the Second Amended Complaint is a document that is the best evidence of its contents, the terms of which speak for themselves. Except

- 12 -

as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied for lack of knowledge or information.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Admitted that Exhibit 13 to the Second Amended Complaint is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied for lack of knowledge or information.

77. Denied for lack of knowledge or information.

78. Denied for lack of knowledge or information.

79. Admitted that Exhibit 14 to the Second Amended Complaint is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied for lack of knowledge or information.

80. Admitted that Exhibit 14 to the Second Amended Complaint is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied for lack of knowledge or information.

81. Admitted that Exhibit 14 to the Second Amended Complaint is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied for lack of knowledge or information.

82. Admitted that Exhibit 14 to the Second Amended Complaint is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied for lack of knowledge or information.

83. Admitted that Exhibit 14 to the Second Amended Complaint is a document that is the best evidence of its contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied for lack of knowledge or information.

84. Admitted that the allegations against Navitas in the Second Amended Complaint include a claim for wrongful interference with contractual relationships. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied for lack of knowledge or information.

85. Denied.

86. Denied for lack of knowledge or information.

87. Denied for lack of knowledge or information.

88. Denied for lack of knowledge or information.

89. Denied for lack of knowledge or information.

90.     Denied for lack of knowledge or information.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied for lack of knowledge or information.

<u>FIRST CLAIM FOR RELIEF</u>
(Breach of Contract)

97.     Defendants reallege and incorporate by reference their responses to the allegations of the foregoing paragraphs of the Second Amended Complaint.

98.     Admitted that this dispute concerns the sale of goods and that Article 2 of the Uniform Commercial Code applies to transactions in goods.  Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

99.     The allegations in this paragraph of the Second Amended Complaint state a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

100.    The allegations in this paragraph of the Second Amended Complaint state a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

101.    Admitted that Wolfspeed sold GeneSiC 3,025 wafers, which Defendants accepted and paid for.  Wolfspeed's Offer and Agreement for Sale of Products dated

- 15 -

August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint state a legal conclusion to which no response is required and are denied.

102. Admitted that the wafers that Wolfspeed sold to GeneSiC conformed to GeneSiC's specifications. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

103. Admitted that Defendants did not purchase 1,975 wafers from Wolfspeed, which Defendants were not obligated to purchase and which Defendants returned to Wolfspeed. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

104. The allegations in this paragraph of the Second Amended Complaint state a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied for lack of knowledge or information.

105. The allegations in this paragraph of the Second Amended Complaint state a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied for lack of knowledge or information.

106. The allegations in this paragraph of the Second Amended Complaint state a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied for lack of knowledge or information.

107. The allegations in this paragraph of the Second Amended Complaint state a legal conclusion to which no response is required. To the extent that a response is required, the allegations are denied for lack of knowledge or information.

108. Denied. Wolfspeed's Offer and Agreement for Sale of Products dated August 4, 2023 was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties.

109. Denied.

## SECOND CLAIM FOR RELIEF
(Breach of Contract Against Mr. Wheeler and Mr. Dern)

110. Defendants reallege and incorporate by reference their responses to the allegations of the foregoing paragraphs of the Second Amended Complaint.

111. The allegations in this paragraph of the Second Amended Complaint are directed towards other parties and therefore no response is required from these answering Defendants. To the extent that a response is required from Defendants, denied for lack of knowledge or information.

112. The allegations in this paragraph of the Second Amended Complaint are directed towards other parties and therefore no response is required from these answering Defendants. To the extent that a response is required from Defendants, denied for lack of knowledge or information.

113. The allegations in this paragraph of the Second Amended Complaint are directed towards other parties and therefore no response is required from these answering

- 17 -

Defendants. To the extent that a response is required from Defendants, denied for lack of knowledge or information.

114. The allegations in this paragraph of the Second Amended Complaint are directed towards other parties and therefore no response is required from these answering Defendants. To the extent that a response is required from Defendants, denied.

115. The allegations in this paragraph of the Second Amended Complaint are directed towards other parties and therefore no response is required from these answering Defendants. To the extent that a response is required from Defendants, denied.

116. The allegations in this paragraph of the Second Amended Complaint are directed towards other parties and therefore no response is required from these answering Defendants. To the extent that a response is required from Defendants, denied.

117. The allegations in this paragraph of the Second Amended Complaint are directed towards other parties and therefore no response is required from these answering Defendants. To the extent that a response is required from Defendants, denied.

118. The allegations in this paragraph of the Second Amended Complaint are directed towards other parties and therefore no response is required from these answering Defendants. To the extent that a response is required from Defendants, denied.

119. The allegations in this paragraph of the Second Amended Complaint are directed towards other parties and therefore no response is required from these answering Defendants. To the extent that a response is required from Defendants, denied for lack of knowledge or information.

120. The allegations in this paragraph of the Second Amended Complaint are directed towards other parties and therefore no response is required from these answering Defendants. To the extent that a response is required from Defendants, denied.

121. The allegations in this paragraph of the Second Amended Complaint are directed towards other parties and therefore no response is required from these answering Defendants. To the extent that a response is required from Defendants, denied.

<u>THIRD CLAIM FOR RELIEF</u>
(Wrongful Interference with Contractual Relationships Against Navitas)

122. Defendants reallege and incorporate by reference their responses to the allegations of the foregoing paragraphs of the Second Amended Complaint.

123. Admitted that Defendants are aware of the Dern and Wheeler Employee Agreements attached to the Second Amended Complaint as Exhibits 12 and 8, respectively, which are documents that are the best evidence of their contents, the terms of which speak for themselves. Except as expressly admitted, the allegations in this paragraph of the Second Amended Complaint are denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

- 19 -

<u>FOURTH CLAIM FOR RELIEF</u>
(Breach of RSU Agreements' Terms and Conditions–Wheeler)

130. Defendants reallege and incorporate by reference their responses to the allegations of the foregoing paragraphs of the Second Amended Complaint.

131. The allegations in this paragraph of the Second Amended Complaint are directed towards another party and therefore no response is required from these answering Defendants. To the extent that a response is required from Defendants, denied for lack of knowledge or information.

132. The allegations in this paragraph of the Second Amended Complaint are directed towards another party and therefore no response is required from these answering Defendants. To the extent that a response is required from Defendants, denied for lack of knowledge or information.

133. The allegations in this paragraph of the Second Amended Complaint are directed towards another party and therefore no response is required from these answering Defendants. To the extent that a response is required from Defendants, denied for lack of knowledge or information.

134. The allegations in this paragraph of the Second Amended Complaint are directed towards another party and therefore no response is required from these answering Defendants. To the extent that a response is required from Defendants, denied for lack of knowledge or information.

135. The allegations in this paragraph of the Second Amended Complaint are directed towards another party and therefore no response is required from these answering

Defendants.  To the extent that a response is required from Defendants, denied for lack of knowledge or information.

FIFTH CLAIM FOR RELIEF
(Breach of RSU Agreements' Terms and Conditions–Dern)

136.    Defendants reallege and incorporate by reference their responses to the allegations of the foregoing paragraphs of the Second Amended Complaint.

137.    The allegations in this paragraph of the Second Amended Complaint are directed towards another party and therefore no response is required from these answering Defendants.  To the extent that a response is required from Defendants, denied for lack of knowledge or information.

138.    The allegations in this paragraph of the Second Amended Complaint are directed towards another party and therefore no response is required from these answering Defendants.  To the extent that a response is required from Defendants, denied for lack of knowledge or information.

139.    The allegations in this paragraph of the Second Amended Complaint are directed towards another party and therefore no response is required from these answering Defendants.  To the extent that a response is required from Defendants, denied for lack of knowledge or information.

140.    The allegations in this paragraph of the Second Amended Complaint are directed towards another party and therefore no response is required from these answering Defendants.  To the extent that a response is required from Defendants, denied for lack of knowledge or information.

- 21 -

141. The allegations in this paragraph of the Second Amended Complaint are directed towards another party and therefore no response is required from these answering Defendants. To the extent that a response is required from Defendants, denied for lack of knowledge or information.

SIXTH CLAIM FOR RELIEF
(Injunctive Relief–Navitas)

142. Defendants reallege and incorporate by reference their responses to the allegations of the foregoing paragraphs of the Second Amended Complaint.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

PRAYER FOR RELIEF

To the extent Plaintiff's Prayer for Relief requires a response, Defendants deny that Plaintiff is entitled to any of the relief requested.

**FIRST AFFIRMATIVE DEFENSE**
**(No Enforceable Contract)**

Plaintiff's claim against Defendants for breach of contract is barred because the parties never formed an enforceable contract as to the 1,975 wafers at issue in this dispute, which Defendants were not obligated to purchase and which Defendants returned to Wolfspeed. Wolfspeed's Offer and Agreement for Sale of Products dated August 4, 2023

- 22 -

was not executed, was not accepted by Defendants, and does not constitute a contractual agreement between the parties as to such wafers.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

To the extent Plaintiff is entitled to any recovery on its breach of contract claim against Defendants, which is denied, any such recovery is barred in whole or in part by Plaintiff's failure to mitigate its damages, including, but not limited to, its failure to resell the 1,975 wafers at issue in this dispute in good faith and in a commercially reasonable manner, its refusal to halt shipments of wafers to Defendants after being notified not to do so, and its failure to otherwise take reasonable steps to avoid or limit its own damages.

## THIRD AFFIRMATIVE DEFENSE
### (Unenforceability of Dern and Wheeler Employee Agreements)

Plaintiff's claim against Defendants for wrongful interference with contractual relationships is barred to the extent the non-competition and/or non-solicitation provisions in the Dern and Wheeler Employee Agreements attached to the Second Amended Complaint as Exhibits 12 and 8, respectively, are invalid and unenforceable because the geographic territory is overly broad, the scope of Company Business and Competing Business (as defined therein) is overly broad, the scope of services that Dern and Wheeler are allegedly prohibited from performing or utilizing is unreasonable and overly broad, and such restrictive covenants are otherwise unenforceable and in violation of public policy.

## FOURTH AFFIRMATIVE DEFENSE
### (Justification, Privilege, and Legitimate Business Interest)

Plaintiff's claim against Defendants for wrongful interference with contractual relationships is barred because Defendants' alleged conduct was justified and privileged competitive activity in furtherance of legitimate business interests. The Second Amended Complaint alleges that Plaintiff and Defendants are competing businesses in the semiconductor industry, but does not, and cannot, establish that there was no motive for Defendants' purported interference with Plaintiff's employment contracts other than malice.

## FIFTH AFFIRMATIVE DEFENSE
### (Statute of Frauds)

Plaintiff's claims as to the 1,975 wafers at issue in this dispute are barred by the statute of frauds under § 2-201 of the Uniform Commercial Code because the alleged contract was not memorialized in a writing sufficient to indicate that a contract for sale had been made between the parties and signed by Defendants.

## RESERVATION AND NON-WAIVER OF DEFENSES

Defendants reserve and do not waive any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

- 24 -

WHEREFORE, Defendants, having fully responded to the Second Amended Complaint, respectfully request that the Court grant the following relief:

1. That Plaintiff have and recover nothing from Defendants on each of its claims in the Second Amended Complaint and that such claims be dismissed with prejudice.

2. That all issues of fact be tried by a jury.

3. That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff to the extent allowed by law.

4. For such other and further relief as the Court deems just and proper.

This the 3rd day of July, 2026.

/s/ Michael D. Phillips
Michael D. Phillips
N.C. State Bar No. 31730
mphillips@belldavispitt.com
BELL, DAVIS & PITT, P.A.
P.O. Box 21029
Winston-Salem, NC 27120-1029
Telephone:  (336) 722-3700
Facsimile:   (336) 714-4101

Marc E. Gustafson
N.C. State Bar No. 34429
mgustafson@belldavispitt.com
BELL, DAVIS & PITT, P.A.
227 West Trade Street, Suite 1800
Charlotte, NC 28202
Telephone: (704) 227-0400
Facsimile: (704) 227-0178

*Attorneys for Defendants Navitas Semiconductor Corporation and GeneSiC Semiconductor LLC*

- 25 -

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that this document was filed through the CM/ECF system and that such filing was sent electronically to those parties registered with the CM/ECF system.

This the 3rd day of July, 2026.

/s/ Michael D. Phillips
Michael D. Phillips
